# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL DANIEL CROYLE, et al., <br><br>Plaintiffs, <br><br>vs. <br><br>THEATINE FATHERS, INC., et al., <br><br>Defendants. | CIVIL NO. 19-00421 JAO-WRP <br><br>**ORDER DENYING DEFENDANT ARCHDIOCESE FOR THE MILITARY SERVICES, USA'S MOTION FOR ENTRY OF RULE 54(B) FINAL JUDGMENT** |

## ORDER DENYING DEFENDANT ARCHDIOCESE FOR THE MILITARY SERVICES, USA'S MOTION FOR ENTRY OF RULE 54(B) FINAL JUDGMENT

Plaintiffs Michael Croyle, his legal guardian and mother Sandra Croyle, and his father David Croyle initially brought claims against Defendants Theatine Fathers, Inc. and The Theatine Fathers Province of Our Lady of Purity (collectively, the "Theatines"), as well as Defendant Archdiocese for the Military Services, USA ("AMS") based on a Theatine priest's sexual assaults on Michael at Tripler Army Medical Center in the 1990s. The Court denied the Theatines' motion to dismiss Plaintiffs' claims as untimely under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 49. The Court granted AMS's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See id.* AMS now asks the Court to enter partial final judgment in its favor under

Federal Rule of Civil Procedure 54(b). *See* ECF No. 51. AMS represents that Plaintiffs do not object to the motion. *See id.* at 2. For the reasons stated below, the motion is **DENIED**.

## DISCUSSION

Rule 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

Fed. R. Civ. P. 54(b). The Court employs a two-part framework for Rule 54(b) determinations. First, the Court must assess whether it is dealing with a final judgment. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). Next, the Court evaluates "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8; *see also Wood*, 422 F.3d at 878. It is within the Court's sound discretion "to determine the 'appropriate time' when each final decision in a

multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8; *see also Wood*, 422 F.3d at 878.

The first element is met because the Court's order granting AMS's motion to dismiss under Rule 12(b)(2) is an ultimate decision on Plaintiffs' claims against AMS. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993) (concluding district court properly entered judgment under Rule 54(b) after dismissing claims against certain defendants for lack of personal jurisdiction); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1065–66 (9th Cir. 2014) (exercising jurisdiction over appeal after district court dismissed one defendant for lack of personal jurisdiction and entered judgment under Rule 54(b)). The Court concludes, however, that although *Core-Vent* and *Martinez* indicate judgment under Rule 54(b) may be appropriate when one party is dismissed for lack of personal jurisdiction, the circumstances here do not warrant the Court finding, in its discretion, that there is "no just reason for delay."

The Supreme Court has cautioned that, "[p]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright*, 446 U.S. at 10; *cf. Int'l Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, 863 F.3d 1178, 1186 (9th Cir. 2017) (noting strong preference, in close cases, for district court to certify order for interlocutory appeal rather than under Rule 54(b) so that the Ninth Circuit can protect its docket by determining for

itself whether to accept the issue for review). In *Core-Vent*, the Ninth Circuit accepted a Rule 54(b) judgment for review because (a) the jurisdictional issue was easily severable from the merits of the ongoing lawsuit and (b) allowing immediate appeal of that jurisdictional issue could obviate the need for a second trial. *See* 11 F.3d at 1484.

AMS has not argued personal jurisdiction is an issue wholly separate from the merits of Plaintiffs' claims and the Theatines' defenses to these claims. Even if it had, the Supreme Court has noted that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8. And while the legal issues underlying the personal jurisdiction ruling may be separate from the substantive issues on subsequent appeals, entering judgment under Rule 54(b) would still create the potential that the Ninth Circuit would review the case twice—once regarding the personal jurisdiction dismissal and again after Plaintiffs' claims against the Theatines are resolved.[1]

---

[1] AMS indicates that Plaintiffs do not oppose its request for judgment under Rule 54(b); however, there is no indication whether Plaintiffs plan to appeal the dismissal under Rule 12(b)(2). The Court must therefore presume such an appeal is a possibility. If the parties were to indicate that Plaintiffs do not plan to file such an appeal, this would alter the Court's assessment of AMS's request considerably—and thus justify reconsideration of the Court's denial of this request.

While this case presents important issues, it is not necessarily complex; indeed, the facts relevant to all legal issues will overlap to some degree. *Cf. Int'l Longshore & Warehouse Union*, 863 F.3d at 1186 (exercising jurisdiction over Rule 54(b) judgment and noting that the legal issues were "complicated and not routine"); *Wood*, 422 F.3d at 882 ("The caseload of this court is already huge. More than fifteen thousand appeals were filed in the last year. We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason."). It is also possible that future developments in this case could lead to settlement or moot appellate review of certain legal issues. For example, AMS has already signaled that, if the jurisdictional question were resolved in Plaintiffs' favor, AMS would rely on the same defenses the Theatines have raised regarding the timeliness of Plaintiffs' claims. *See, e.g.*, ECF No. 29-1 at 2 n.2. This potential overlap tends to show an increased risk of piecemeal appeals or duplicative proceedings.

Finally, the Court notes that AMS waited almost three months after the Court's order to seek judgment under Rule 54(b). In doing so, AMS failed to articulate specific and compelling reasons for either its delay in seeking this relief or the hazards or hardships it faces that justify obtaining this relief at this juncture. *Compare Wood*, 422 F.3d at 882 ("Unlike the plaintiff in *Curtiss-Wright*, for example, Wood does not stand to gain or lose a significant amount of money

unless the appeal is heard now rather than at the end of trial."). In light of AMS's own delay and the risk of needlessly duplicating proceedings, the Court cannot conclude at this time that there is "no just reason for delay" and that the interests of sound judicial administration would be served by entering judgment under Rule 54(b).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** AMS's motion to enter final judgment in its favor under Rule 54(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, March 25, 2020.

Jill A. Otake
United States District Judge

Civil No. 19-00421 JAO-WRP, *Croyle, et al. v. Theatine Fathers, Inc., et al.*, ORDER DENYING DEFENDANT ARCHDIOCESE FOR THE MILITARY SERVICES, USA'S MOTION FOR ENTRY OF RULE 54(B) FINAL JUDGMENT

6